**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **OSKER McNEAL,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:05CV890(JCH) |
| | ) |
| **SARA REVELL,** | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Osker McNeal, a federal inmate currently confined at FCI-Greenville, for leave to commence the instant action without prepayment of the required filing fee pursuant to 28 U.S.C. § 1915 [Doc. #2] and for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1]. Because petitioner has insufficient funds to pay the filing fee, the Court will grant petitioner leave to proceed in forma pauperis. Upon review of the petition, however, the Court finds that it should be dismissed.

**Background**

On December 6, 1993, petitioner pleaded guilty to (1) possessing with intent to distribute cocaine base and (2) carrying or using a firearm in relation to a drug trafficking crime. See United States v. McNeal, No. 4:93CR134(JCH) (E.D. Mo.). Petitioner was subsequently sentenced to 211 month's

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

imprisonment on the possession charge and 60 month's imprisonment on the firearm charge.  Id.  These sentences run consecutively.  Id.  Petitioner's convictions and sentences were affirmed by the Eighth Circuit Court of Appeals.  United States v. McNeal, No. 94-1614EMSL (8th Cir., Aug. 12, 1994).

In 1996, Petitioner sought, but was denied, a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  McNeal v. United States, No. 4:96CV1878(JCH) (E.D. Mo.).  The Eighth Circuit Court of Appeals affirmed this Court's denial of petitioner's § 2255 motion.  McNeal v. United States, No. 99-2809 (8th Cir., May 3, 2001).  Petitioner sought, but was denied, permission to file a second or successive § 2255 motion by the Eighth Circuit Court of Appeals.  In re McNeal, No. 02-2086 (8th Cir. May 30, 2002).

**The petition**

On May 31, 2005, petitioner filed the instant pro se petition for a writ of habeas corpus.  Citing Bailey v. United States, 516 U.S. 133 (1995), petitioner challenges his firearm conviction on the ground that the government failed to prove that he actively used a firearm in connection with a drug trafficking crime.

**Discussion**

Petitioner's request for relief pursuant to 28 U.S.C. § 2241 should be denied.  First, this Court does not have

2

jurisdiction to entertain the instant action because petitioner is not located in this judicial district and the person having custody over petitioner, the warden at FCI-Greenville, cannot be reached by service of process. See <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 495 (1972) (district court's habeas jurisdiction extends to cases where the custodian can be reached by service of process even though prisoner is confined outside the court's territorial jurisdiction); <u>Lee v. United States</u>, 501 F.2d 494, 501 (8th Cir. 1974).

Second, even if petitioner or his custodian were located in this district, the application should still be denied. Title 28 U.S.C. § 2255 provides, in pertinent part, that:

> An application for a writ of habeas corpus in behalf of a prisoner authorized to apply for relief by motion pursuant to this section, shall not be entertained if . . . the court which sentenced him . . . denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Because petitioner has previously sought and been denied relief under §2255, he cannot attack the validity of his conviction in a § 2241 proceeding unless he first establishes that the § 2255 action was "inadequate or ineffective."

As noted above, petitioner's § 2255 action was denied by this Court. Petitioner argues that because his § 2255 action was denied, it is not an effective method for asserting his

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Bailey claim. The "inadequate or ineffective" provision in § 2255, however,

> [D]oes not . . . mean that habeas corpus is preserved whenever a federal prisoner faces a substantive or procedural barrier to § 2255 relief. If it were the case that any prisoner who is prevented from bringing a § 2255 petition could, without more, establish that § 2255 is `inadequate or ineffective,' and therefore that he is entitled to petition for a writ of habeas corpus under § 2241(c)(3), then Congress would have accomplished nothing at all in its attempt -- through statutes like the AEDPA -- to place limits on federal collateral review. Courts have understandably refused to adopt this reading of the statute.

Triestman v. United States, 124 F.3d 361, 376 (2d Cir. 1997). Instead, "inadequate or ineffective" means only "the set of cases in which the petitioner cannot, for whatever reason, utilize § 2255, and in which the failure to allow for collateral review would raise serious constitutional questions." Id. at 377. After reviewing the criminal file, the § 2255 file, and the instant action, the Court is convinced that petitioner's § 2255 remedy was neither inadequate nor ineffective to assert the claims he seeks to raise.

Pleadings filed by an inmate proceeding pro se are to be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). Although this Court does not have jurisdiction over petitioner's § 2241 action, this Court might have jurisdiction to consider petitioner's claim under 28 U.S.C. § 2255. Unlike a petition for a writ of habeas corpus under § 2241, a § 2255

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

motion is a further step in petitioner's criminal case over which this Court could exercise jurisdiction.  See 28 U.S.C. § 2255; see also Rule 1 of the Rules Governing §2255 Cases in the United States District Courts advisory committee's note.  Even if this Court were to construe the petition as seeking relief under § 2255, however, this Court could not grant petitioner relief.  As noted above, petitioner has already sought and been denied § 2255 relief in this Court.  Moreover, petitioner was denied permission from the Eight Circuit Court of Appeals to file a second or successive § 2255 action.  Therefore, this Court may not grant petitioner § 2255 relief.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1] is **DENIED.**

An appropriate order will accompany this memorandum and order.

Dated this 26th day of September, 2005.

/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com